**United States Bankruptcy Court**
**District of Puerto Rico**

IN RE:                                                                   Case No. _____

**RIVERA CRUZ, TEDWIN ARIEL**_____ Chapter **13**_____
                                             Debtor(s)

## CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: _____      ☐ AMENDED PLAN DATED: _____
    ☐ PRE ☐ POST-CONFIRMATION                 Filed by: ☐ Debtor ☐ Trustee ☐ Other

### I. PAYMENT PLAN SCHEDULE

$ **180.00** x **31** = $ **5,580.00**
$ **250.00** x **29** = $ **7,250.00**
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____

                              TOTAL: $ **12,830.00**

Additional Payments:
$_____ to be paid as a LUMP SUM within _____ with proceeds to come from:

☐ Sale of Property identified as follows:
_____
_____

☐ Other:
_____
_____

Periodic Payments to be made other than, and in addition to the above:
$ _____ x _____ = $ _____

           PROPOSED BASE: $ **12,830.00**

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ **2,700.00**

Signed: **/s/ TEDWIN ARIEL RIVERA CRUZ**
        Debtor

        _____
        Joint Debtor

### II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR ____ $ _____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☐ Trustee pays secured ARREARS:
Cr. _____    Cr. _____    Cr. _____
# _____    # _____    # _____
$ _____    $ _____    $ _____
2. ☐ Trustee pays IN FULL Secured Claims:
Cr. _____    Cr. _____    Cr. _____
# _____    # _____    # _____
$ _____    $ _____    $ _____
3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. _____    Cr. _____    Cr. _____
# _____    # _____    # _____
$ _____    $ _____    $ _____
4. ☑ Debtor SURRENDERS COLLATERAL to Lien Holder:
    **AEELA**          **FEDECOOP**
5. ☐ Other: _____
6. ☑ Debtor otherwise maintains regular payments directly to:
    **RETIRO CENTRAL P**
C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: _____
                  ☐ Paid 100% / ☐ Other: _____
Cr. _____    Cr. _____    Cr. _____
# _____    # _____    # _____
$ _____    $ _____    $ _____
2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: (*Executory contracts; payment of interest to unsecureds, etc.*)
**See Continuation Sheet**

Attorney for Debtor **Jaime Rodriguez Law Office, PSC**_____ Phone: **(787) 797-4174**_____

**CHAPTER 13 PAYMENT PLAN**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** RIVERA CRUZ, TEDWIN ARIEL _____ Case No. _____
Debtor(s)

# CHAPTER 13 PAYMENT PLAN
## Continuation Sheet - Page 1 of 1

**LQV: $ 0.00**
**PRIORITIES: PR TREASURY DEPARTMENT (HACIENDA), $950.00**
**IRS, IF ANY, $1.00**
**LIC. BLAS MARRERO-DE JESUS (DSO) $800.00**

**LIQUIDATION VALUE: $0.00**
**PRIORITIES: TREASURY DEPARTMENT: $950.00 AND IRS: $1.00 (IF ANY)**

**1. TRUSTEE TO PAY ATORNEY'S FEES BEFORE ANY SECURED OR PRIORITY CREDITOR 11 USC 330.**

**2. FAILURE TO TIMELY OBJECT TO THIS PLAN CONSTITUTES A WAIVER OF THE EQUAL MONTHLY AMOUNT METHOD OF PAYMENT UNDER 11 USC 1325(a)(5).**

**3. ANY POST PETITION INCOME TAX REFUND THAT DEBTOR(S) WOULD BE ENTITLED TO RECEIVE DURING THE TERM OF THE PLAN WILL BE BE USED TO FUND THIS PLAN. AFTER ITS CONFIRMATION, AND WITHOUT FURTHER NOTICE, HEARING OR COURT ORDER, THE PLAN SHALL BE DEEMED MODIFIED BY THE INCREMENT(S) TO ITS BASE, IN AN AMOUNT EQUAL TO THE AMOUNT OF EACH INCOME TAX REFUND.**

**4. STEP UP PAYMENT IN MONTH NUMBER 31 IS AT THE TIME DEBTOR PAYS OFF RETIREMENT LOAN. RETIRO LOAN MATURITY DATE: MARCH 30TH, 2017**

**5.SURRENDER OF COLLATERAL: DEBTOR(S) SURRENDERS THE FOLLOWING COLLATERAL TO THE NAMED LIEN HOLDER(S) IN PARTIAL PAYMENT OF ITS CLAIM. UPON CONFIRMATION, THE STAY IS ALSO LIFTED AS TO THE COLLATERAL ONLY, TO ALLOW LIEN HOLDER(S) TO PROCEED WITH IN REM REMEDIES ONLY. ANY ALLOWED CLAIM BY A CREDITOR OR CREDITORS PROVIDED FOR IN THIS SECTION SHALL RECEIVE NO DISTRIBUTION UNDER THE PLAN, AS TO ITS SECURED PORTION. ALL PAYMENTS AND DEDUCTIONS REGARDING THE OBLIGATION SECURED BY THE COLLATERAL SHALL IMMEDIATELY CEASE AND SHALL BE STOPPED BY ANY ENTITY MAKING THEM OR WITHDRAWING THEM. ANY UNSECURED PORTION OF THE CLAIM AS FILED, OR LATER FILED TO REFLECT A DEFICIENCY BALANCE AFTER SURREDER, SHALL BE PAID AS AN UNSECURED CLAIM PURSUANT TO THIS PLAN:**
**5-1. CREDITOR AEELA**
  **5-1. AEELA AS TO COLLATERAL SAVINGS AND DIVIDENDS.**
**5-2 FEDECOOP**
  **5-2 FEDECOOP AS COLLATERAL SHARES AND SAVINGS.**

**6. DEBTOR WILL CONTINUE MAKING CHILD SUPPORT POST-PETITION PAYMENTS DIRECTLY TO MRS. YAMARIS VILLANUEVA-MORALES OR TO THE PERSON INSTRUCTED BY LOCAL COURT TO RECEIVE SUCH PAYMENTS. DEBTOR INFORMS THAT HE MAKES CHILD SUPPORT PAYMENTS BY PAYROLL DEDUCTION.**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only